IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OCTAVIA A. | : | CIVIL ACTION |
| | : | NO. 18-1942 |
| v. | : | |
| | : | |
| SCHOOL DISTRICT OF | : | |
| PHILADELPHIA | : | |

## OPINION

Plaintiff Octavia A. entered into an agreement with the School District of Philadelphia pursuant to the Individuals with Disabilities Act, which required the District to pay for Plaintiff's child's school tuition and any attorney's fees incurred in enforcing the agreement. The agreement required the District to pay within 60 days of receiving an invoice, which Plaintiff claims the District failed to do. Plaintiff therefore filed an administrative complaint with the Office of Dispute Resolution requesting that the hearing officer issue an order compelling the District to immediately satisfy its outstanding IDEA obligations. The District moved to dismiss the administrative complaint based on lack of subject matter jurisdiction and mootness. The hearing officer granted the District's motion claiming she lacked jurisdiction to enforce a resolution agreement but held that the matter was not moot. Plaintiff thus filed this federal action to enforce the agreement. After Plaintiff filed this action, Plaintiff received all amounts required under the agreement from the District except for attorney's fees. The parties agree that Plaintiff is entitled to

1

attorney's fees incurred in filing this federal action for enforcement of the agreement. Plaintiff moves for judgment on the pleadings as to whether Plaintiff is entitled to the attorney's fees incurred in filing the administrative complaint.[1]

## I. BACKGROUND

Plaintiff Octavia A. is a parent of a child ("S.S.") with a disability who entered into a resolution agreement ("Agreement") under the Individuals with Disabilities Act ("IDEA") with Defendant School District of Philadelphia ("District") after filing a due process complaint against the District alleging a denial of a free appropriate public education and seeking tuition reimbursement and compensatory education. ECF No. 6 at ¶¶ 2-3, 29-30.[2] The Agreement provides that the District will fund S.S.'s "placement at The Y.A.L.E. School for the 2016-2017 school year and the 2017-2018 school year," and will "satisfy any invoices . . . within sixty (60) days of the District receiving the invoice." ECF No. 1, Exhibit A at 3-4; ECF No. 6 at 30. The Agreement also provides for attorney's fees. ECF No. 1, Exhibit A at 6; ECF No. 6 at 30. It states:

---

[1] The District first moved to dismiss for lack of jurisdiction. ECF No. 10. In response, Plaintiff filed a response in opposition to the motion to dismiss as well as a cross-motion for judgment on the pleadings. ECF No. 11. In the District's reply in support of its motion to dismiss and response in opposition to Plaintiff's cross-motion for judgment on the pleadings, the District "acknowledge[d] that this Court has jurisdiction to determine the appropriate amount of attorney's fees due to Plaintiff." ECF No. 12. Thus, the Court considers only Plaintiff's motion for judgment on the pleadings.
[2] All citations to ECF No. 6, Defendant's Answer, are to allegations Plaintiff made in the complaint, ECF No. 1, that were admitted by Defendant in its answer.

2

> Parents shall also be entitled to reasonable attorney's fees and costs incurred in any legal actions that are brought to enforce this Agreement, and nothing in this Agreement shall limit Parent's rights to additional attorney's fees and costs incurred to enforce this Agreement.

*Id.*

Claiming that the District failed to pay certain invoices owed to Plaintiff under the Agreement, Plaintiff filed an administrative IDEA complaint against the District requesting that the hearing officer issue an order compelling the District to immediately . . . pay[] the balances owed" under the Agreement. ECF No. 6 at ¶ 39-40. The District moved to dismiss Plaintiff's administrative complaint based on lack of subject matter jurisdiction and mootness. *Id.* at ¶ 41. The administrative hearing officer granted the District's motion, ruling that Pennsylvania hearing officers do not have jurisdiction to enforce resolution agreements under the IDEA. *Id.* at ¶ 42. However, the hearing officer found that the matter was not moot, holding that "[u]ntil the District actually makes good on its January 31st indication that payment is forthcoming the matter is not moot." *Id.* at ¶ 42; ECF No. 1, Exhibit E at 2. Thus, Plaintiff filed this federal action against the District to enforce the Agreement pursuant to 20 U.S.C. 1415(f)(1)(B)(iii)(II). ECF No. 1.

Since the filing of this lawsuit, the District paid the amounts owed to Plaintiff for tuition. ECF No. 10 at 5 ("It is undisputed that since the inception of this litigation, the District has satisfied its obligations under the agreement and made all of the payments required [except for attorney's fees]. Therefore, Plaintiff can *no longer*

demonstrate a continuing injury to confer jurisdiction on this Court.") (emphasis added); ECF No. 11 at 6 ("The District has resolved the first claim by paying S.S.'s outstanding tuition.") The District does not dispute that Plaintiff is entitled to attorney's fees for the federal enforcement action under the terms of the Agreement. ECF No. 10 at 3 n.1 ("The District does not dispute that Plaintiff is entitled to attorney's fees for this federal court enforcement action under the terms of the settlement agreement."). The District disputes, however, that Plaintiff is entitled to attorney's fees for the administrative complaint it brought, because it claims that (1) the hearing officer properly determined that it did not have jurisdiction to enforce resolution agreements and (2) that these fees were therefore not reasonable. ECF Nos. 10, 12. Although the parties have expressed an interest in the Court deciding whether a hearing office has jurisdiction to enforce settlement agreements, the only issue to be decided here is whether Plaintiff is entitled to the reasonable attorney's fees agreed to in the Agreement for filing the administrative complaint against the District to compel the District to comply with the Agreement.

## II. STANDARD

A party may move for judgment on the pleadings, "[a]fter the pleadings are closed – but early enough not to delay trial." Fed. R. Civ. P. 12(c). "Judgment on the pleadings shall only be granted if the moving party clearly establishes that there are no material issues of fact and that the moving party is entitled to judgment as a matter of

law." *Alea London Ltd. v. Woodlake Mgmt.*, 594 F. Supp. 2d 547, 550 (E.D. Pa. 2009), aff'd, 365 F. App'x 427 (3d Cir. 2010) (*citing Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 220 (3d Cir.2005)). "In reviewing a 12(c) motion, the court must view the facts in the pleadings and the inferences drawn therefrom in the light most favorable to the non-moving party." *Allstate Ins. Co. v. Hopfer*, 672 F. Supp. 2d 682, 685 (E.D. Pa. 2009). "When deciding a Rule 12(c) motion, a court is allowed to consider 'the pleadings and attached exhibits, undisputedly authentic documents attached to the motion for judgment on the pleadings if plaintiffs' claims are based on the documents, and matters of public record' in making its decision.'" *NCMIC Ins. Co. v. Walcott*, 46 F. Supp. 3d 584, 586 (E.D. Pa. 2014)

## III. PARTIES' ARGUMENTS

This Court has jurisdiction to enforce the Agreement pursuant to 20 U.S.C. § 1415(f)(1)(B)(iii)(II). The only issue left to be resolved is whether Plaintiff is entitled under the Agreement to the attorney's fees incurred in filing an administrative complaint with the Office of Dispute Resolution even though the hearing office determined that she lacked jurisdiction. The question is ultimately whether Plaintiff's filing of an administrative complaint to enforce the Agreement was reasonable for the purposes of obtaining attorney's fees as provided for in the Agreement.

Defendant claims that hearing officers do not have jurisdiction to enforce resolution agreements as held in *J.K. v. Council Rock Sch. Dist.*, 833 F. Supp. 2d 436,

5

448 (E.D. Pa. 2011) ("[W]e agree that a hearing officer lacks jurisdiction to enforce a settlement agreement"); ECF No. 10 at 4. Defendant further argues that because "Congress provided a specific vehicle for the enforcement of settlement agreements by granting original jurisdiction to 'any State court of competent jurisdiction or in a district court of the United States,'" 20 U.S.C. § 1415(f)(1)(B)(iii)(II), and because Pennsylvania has not created other mechanisms to seek enforcement of settlement agreements, as provided by 34 C.F.R. §300.537, hearing officers in Pennsylvania lack jurisdiction to enforce resolution agreements. ECF No. 10 at 3-4. Therefore, Defendant argues, the attorney's fees Plaintiff's counsel incurred in attempting to enforce the Agreement by filing an administrative complaint were unreasonable and thus Plaintiff is not entitled to those attorney's fees under the language of the Agreement. ECF No. 20, Oral Argument Transcript 58:16-18. ("[I]f the hearing officer lacks jurisdiction . . . you'd be hard pressed to say that that was reasonable.")

Plaintiff argues both that the hearing officer had jurisdiction over enforcement of the Agreement and that, even if the Court finds that the hearing officer did not have jurisdiction, the attorney's fees incurred in filing an administrative complaint were reasonable because (1) Plaintiff reasonably believed exhaustion of administrative claims was required and (2) Plaintiff had a reasonable basis to believe the hearing officer had jurisdiction. *Id.* at 57:5-14; ECF No. 11 at 8-9.

Plaintiff argues that because the Third Circuit has not yet ruled on "[w]hether hearing officers have jurisdiction over claims like Octavia A.'s . . . the text of the

6

IDEA is the starting point for addressing this issue." ECF No. 11 at 6 (citing *I.K. ex rel. B.K. v. Sch. Dist. of Haverford Twp.,* No. CIV.A. 10-4397, 2011 WL 1042311, at *5 (E.D. Pa. Mar. 21, 2011)). Plaintiff further argues that because the IDEA allows parents the right to file an administrative complaint "with respect to any matter relating to the identification, evaluation, or educational placement of the[ir] child, or the provision of a free appropriate public education to [the] child, 20 U.S.C. § 1415(b)(6)," and because "Octavia A.'s claims 'relate' to S.S.'s 'education placement' . . . [because] she sought to obtain funding for S.S.'s placement," the hearing officer had jurisdiction to hear Plaintiff's claims. ECF No. 11 at 9.

Plaintiff further contends that the Third Circuit and Supreme Court have clarified the scope of the IDEA exhaustion requirement since 2011, when the Eastern District of Pennsylvania published *J.K. v. Council Rock Sch. Dist.,* which Plaintiff claims indicates that "hearing officers have jurisdiction over claims like Octavia A.'s." ECF No. 11 at 5. First, the Third Circuit in *Batchelor* determined that the IDEA exhaustion requirement turns on whether the parties could have asserted the claims under the IDEA. *Batchelor v. Rose Tree Media School District,* 759 F.3d 266, 273 (2014)). The Third Circuit held that a claim "falls within the ambit of § 1415(i) and requires exhaustion. . . [when the plaintiff] claim[s] that the IDEA has been violated, they allege educational harms, and the IDEA's statutory scheme is able to provide an appropriate remedy." *Id.*

7

Second, the Supreme Court in *Fry v. Napoleon Cmty. Sch.* established the scope of the exhaustion requirement when the gravamen of the plaintiff's suit is something other than the denial of the IDEA's core guarantee. 137 S.Ct. 743 (2017). The Court held that "the thing a plaintiff must seek [from an IDEA Officer] in order to trigger [20 U.S.C.] §1415(*l*)'s exhaustion rule[] is relief for the denial of a [free appropriate public education]." *Id.* at 753. The IDEA hearing officer's role is to "enforce the child's 'substantive right' to a FAPE . . . [a]nd that is all." *Id.* at 754. Therefore, "§ 1415(*l*)'s exhaustion rule hinges on whether a lawsuit seeks relief for the denial of a free appropriate public education." *Id.* If a lawsuit charges such a denial, "that plaintiff must first submit her case to an IDEA hearing officer, experienced in addressing exactly the issues she raises." *Id.*

Plaintiff contends that *Batchelor* and *Fry* required Plaintiff to exhaust her claims by filing an administrative complaint seeking enforcement of the Agreement, or at least provided a reasonable basis for believing exhaustion was required, because "[f]irst, Octavia A. claimed that the District violated the IDEA by flouting her IDEA resolution agreement . . . [s]econd, she alleged educational harm" in arguing that "the District denied S.S. funding for her educational placement, thus depriving her of funding that she needed to access a free and appropriate public education. . . [and t]hird, . . . [h]earing officers have authority to order school districts to pay a child's private school tuition." ECF No. 11 at 9-10.

The Agreement into which Plaintiff and the District entered pursuant to the IDEA states: "Parents shall also be entitled to reasonable attorney's fees and costs incurred in any legal actions that are brought to enforce this Agreement, and nothing in this Agreement shall limit Parent's rights to additional attorney's fees and costs incurred to enforce this Agreement." ECF No. 1, Exhibit A at 6.

## IV. DISCUSSION

This Court has jurisdiction to enforce the Agreement pursuant to the IDEA, which states that a resolution agreement "is enforceable in any State court of competent jurisdiction or in a district court of the United States." 20 U.S.C. § 1415(f)(1)(B)(iii)(II). Enforcement of the Agreement's provision for reasonable attorney's fees does not require interpretation of the substantive provisions of the IDEA nor a consideration of the hearing officer's jurisdiction but rather the application of well-known standards for determining reasonable attorney's fees.

The Court finds that the attorney's fees Plaintiff incurred in pursuing the administrative complaint were reasonable because (1) the Plaintiff had a reasonable basis to believe both that exhaustion was required and that the hearing officer had jurisdiction to enforce the agreement and (2) the subject matter of the administrative matter and this federal action largely overlap and thus a contrary finding would deprive Plaintiff of reasonable attorney's fees for enforcement.

First, the District supports its argument that "[t]he hearing officer did not have jurisdiction to enforce the resolution agreement," with its own interpretation of the IDEA and support from cases from the Eastern District of Pennsylvania, only one of which is published, and none of which are binding on this Court. ECF No. 10 at 6. In fact, neither party has presented any Third Circuit or Supreme Court precedent requiring this court to conclude that an IDEA hearing officer does or does not have jurisdiction over enforcement of resolution agreements that require funding for a child's education placement. Furthermore, the Third Circuit in *Batchelor* and Supreme Court in *Fry* have held that exhaustion of IDEA claims is required when the lawsuit seeks relief for the denial of a free appropriate public education. *See supra*. Plaintiff has made the argument that enforcement of the Agreement, which requires the District to provide funding for Octavia A.'s educational placement, is within the hearing officer's role, which, as the Court in *Fry* stated, is to "enforce the child's 'substantive right' to a FAPE." *Fry*, 137 S.Ct. at 754. Based on the above, Plaintiff's belief that she was required to exhaust her claims to compel the District to comply with the Agreement administratively prior to filing a claim in federal court was reasonable.

Additionally, the issues presented in the administrative complaint are inextricably intertwined with the issues presented before this Court.[3] The parties

---

[3] *Compare* ECF No. 6 at ¶¶ 39-40, ECF No. 1 at ¶¶ 39-40 ("Octavia A. filed a due process complaint . . . request[ing] that the hearing officer issue an order compelling the District to immediately satisfy its outstanding IDEA obligations under the Agreement: paying the balances

10

additionally litigated jurisdiction of the hearing officer and mootness in both the administrative action and in this federal action.[4] Thus Plaintiff's counsel's efforts in drafting and litigating the Complaint likely significantly overlapped with the efforts in drafting and litigating the administrative complaint, since both actions were brought to enforce the Agreement. Therefore, if the Court were to find that Plaintiff was not entitled to any fees incurred in bringing the administrative complaint, it would likely be denying Plaintiff attorney's fees for much of the work that ultimately went into filing this federal action, contrary to the language of the Agreement.

Thus, this Court finds that Plaintiff's filing of an administrative complaint to compel the District to comply with the Agreement falls within the "reasonable attorney's fees and costs incurred in any legal actions that are brought to enforce this Agreement" to which Plaintiff is entitled under the Agreement.

## V. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Judgment on the Pleadings is granted. The Court will assign this matter to the Eastern District of

---

owed to Octavia A.'s compensatory education fund and to Y.A.L.E.") and ECF No. 1 at 11-12 ("Plaintiff Octavia A., individually and on behalf of S.S., requests . . . an order entered by this Court that the District has breached the agreement . . . [and] an award of attorney's fees and costs pursuant to Octavia A.'s resolution agreement.")

[4] *Compare* ECF No. 6 at ¶ 41 ("[T]he District filed a motion to dismiss Octavia A.'s [administrative] complaint based on lack of subject matter jurisdiction and mootness.") and ECF No. 10, Def.'s Mot. to Dismiss for Lack of Jurisdiction (arguing that the hearing officer did not have jurisdiction to enforce the Agreement and that the matter is moot).

11

Pennsylvania's compulsory arbitration program to determine the amount of Plaintiff Octavia A's reasonable attorney's fees incurred in enforcing the Agreement.

BY THE COURT:

DATED: 4-2-2019

_____
CHAD F. KENNEY, JUDGE